UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD LASZLO PFEIFER,

Plaintiff,

v.

RON MACHADO, et al.,

Defendants.

No. 2:26-cv-2880 DJC AC (PS)

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff has filed a complaint (ECF No. 1) along with a motion to proceed in forma pauperis (ECF No. 2) and a motion to file under seal (ECF No. 3). Because plaintiff is proceeding in pro se, the case is before the undersigned magistrate judge for pretrial purposes pursuant to E.D. Cal. R. ("Local Rule") 302(c)(21).

I. Application to Proceed in Forma Pauperis

Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP") and has submitted the required affidavit. ECF No. 2. Because it appears that plaintiff cannot afford to pay the filing fee, that motion is granted.

II. Screening of Plaintiff's Complaint

A. Legal Standards

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to screen the complaint and dismiss if the action is legally "frivolous or malicious,"

fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Complaint

Plaintiff sues his neighbor, as reflected by the addresses provided for both parties. ECF No. 1 at 2. No basis for federal jurisdiction is indicated, id. at 4, and no cause of action is specified. The statement of the claim reads in full as follows:

> Without the privacy of domain home, personal, and across technology and computer and telephone devices – I am unable to develop and grow and live happily. Mr. Machado has repeatedly demonstrated access to my domain – ongoing since ten > years. A few days ago (Aug '26), I was struck by a vehicle door, and in the last year, I was shot at.
>
> he has:
>
> caused disruption via:
>
> reverberations of sound, engine noise against the house and more…

Id. at 5-6.

The relief sought is described as "[i]nviolability of my home and business… including my personal and business technology. A recognizable federal protective detail whose identities are known to me." Id. at 7.

C. Discussion

The court plainly lacks jurisdiction to consider plaintiff's putative claims against his neighbor. Federal courts are limited to considering two kinds of lawsuits: (1) those based on questions of federal law, and (2) those between citizens of different states when the amount in controversy is over $75,000. 28 U.S.C. §§ 1331, 1332. Disputes among neighbors about alleged invasion of privacy, trespass, nuisance, harassment and/or assault are exclusively matters governed by California law and must be adjudicated in the state courts. No federal question could plausibly arise from plaintiff's complaints about the defendant. And because both parties live in Sacramento, there can be no diversity jurisdiction. Accordingly, this case cannot proceed in federal court.

Because the complaint does not provide a "short and plain statement of the claim" as required by Rule 8, it is impossible to evaluate whether the facts support any particular claim for relief. However, amendment to elaborate the factual basis of plaintiff's putative claim(s) is unwarranted, because the absence of federal jurisdiction is clear from the gravamen of the complaint. The allegation of additional facts cannot cure the jurisdictional defect, so amendment would be futile. This conclusion is reinforced by the content of plaintiff's motion to file under seal, which contains fanciful or delusional content related to the underlying dispute. These

additional allegations could not support a plausible claim for relief. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (dismissal without leave to amend appropriate where facts alleged are irrational or wholly incredible).

For these reasons, it is recommended that the complaint be dismissed before service pursuant to 28 U.S.C. § 1915(e)(2), without leave to amend.

III. Motion to File Under Seal

Plaintiff seeks leave to file the complaint under seal. ECF No. 3. The motion does not comply with the procedural requirements of Local Rule 141(b), which governs requests to seal in this court. However, in light of the recommendation for dismissal, the undersigned will address the merits rather than requiring plaintiff to refile the motion in proper form.

There is a presumptive right of public access to court records based upon the common law and the First Amendment. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212-13 (9th Cir. 2002). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record must overcome the strong presumption by meeting the "compelling reasons" standard. Foltz, 331 F.3d at 1135. That is, the party must "articulate compelling reasons supported by specific factual findings," id. (citing San Jose Mercury News, Inc. v. U.S. District Court, 187 F.3d 1096, 1102-03 (9th Cir. 1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995).

Plaintiff's motion consists entirely of a list of concerns about his own safety. ECF No. 3. He alleges in conclusory fashion that he has been the victim of acts of violence and anti-Semitism, stalking, and invasions of privacy. He is afraid of law enforcement and of using the phone. Among other things, he reports the following: "I believe my home is being live broadcast. I believe my person is being spoken of by way of platforms unknown to me…. I am

being inundated with a variety of suggestion from within my home and at certain locations…. I believe my private conversations have become public. I have heard barely audible voices coming through various places in my home. I am being observed, while, in my home, from a variety of different means. These are complex." Id.

Because plaintiff has provided no legally cognizable basis for sealing the complaint, and the court sees none, the motion will be denied. The complaint itself does not contain any content of a type that is subject to protection from disclosure. Accordingly, there are no compelling reasons to override the presumption of public access.

IV. Summary for Pro Se Plaintiff

You have been granted IFP status, so your filing fee is waived.

The magistrate judge is recommending that your complaint be dismissed. Federal courts can only hear federal cases, and your problems with your neighbor are not federal issues. Any claims you may have should be brought in state court. The district judge will make the final decision about this, and you may submit objections to this recommendation within 14 days.

Your motion to file under seal is denied, because your complaint does not contain the kind of highly sensitive information which might be exempt from public disclosure.

CONCLUSION

Accordingly, for the reasons explained above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, is GRANTED; and
2. Plaintiff's motion to file under seal, ECF No. 3, is DENIED.

It is FURTHER RECOMMENDED that the Complaint, ECF No. 1, be dismissed pursuant to 28 U.S.C. § 1915(e)(2), without leave to amend, and the case CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Plaintiff is advised that failure to file objections within the specified time may

////

////

waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE